**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**DEION JOHNSON**                                                                            **PLAINTIFF**
**ADC #162765**

**v.**                                         **Case No. 4:21-CV-00499-LPR**

**ARKANSAS GENERAL ASSEMBLY, *et al*.**                            **DEFENDANTS**

## ORDER

Plaintiff Deion Johnson is in custody at the Varner Unit of the Arkansas Division of Correction. He filed this action *pro se*.[1] Mr. Johnson challenges the legality of Arkansas Act 1110 of 2021 and the taking of his stimulus payments pursuant to Act 1110.[2] On August 4, 2021, the Court screened Mr. Johnson's claims under the Prison Litigation Reform Act and *in forma pauperis* statute.[3] The Court directed service of Mr. Johnson's Supremacy Clause, Takings Clause, and Due Process claims on Defendants Mahoney, Madden, Lindsy, and Smallwood.[4] The Court dismissed without prejudice Mr. Johnson's other claims and the other Defendants he sued.[5]

On August 12, 2021, Mr. Johnson filed a Motion to Amend Complaint, which the Court granted.[6] In the proposed supplement to his Complaint, Mr. Johnson incorporated by reference all allegations in his original pleadings.[7] He also provided some brief additional factual allegations

---

[1]  Pl.'s Compl. (Doc. 1).

[2]  *Id*. at 3-8.  The Court assumes that Mr. Johnson's reference to "stimulus checks and monies" refers to economic impact payments made under federal law—such as 26 U.S.C. § 6428, 26 U.S.C. § 6428A, and 26 U.S.C. § 6428B, for example—in response to the Covid-19 pandemic.

[3]  28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

[4]   Court's Screening Order (Doc. 13).

[5]  *Id*.

[6]  Pl.'s Motion to Amend Compl. (Doc. 14); Court's Order Granting Motion to Amend (Doc. 15).

[7]  Pl.'s Suppl. Compl. (Doc. 16) at 1; Fed. R. Civ. P. 10(c).

and added two defendants: Arkansas Division of Correction Director Dexter Payne and Varner Unit Warden James Gibson.[8]  Mr. Johnson did not add any new causes of action in his supplement.

## I.      Screening

Before docketing a complaint, or as soon as practicable after docketing, the Court must review the complaint to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.[9] Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations must be sufficient to raise the right to relief above a speculative level.[10]  A *pro se* complaint is construed liberally, but it must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.[11]

## II.     Mr. Johnson's Claims

Mr. Johnson's causes of action remain the same as in his original pleadings.  For the same reasons set out in the Court's August 4, 2021 Screening Order, the following claims will be dismissed without prejudice: Mr. Johnson's claims against the Arkansas General Assembly, Arkansas Act 1110 of 2021, Ark. Code Ann. § 12-29-119, and the Arkansas Department of Correction; Mr. Johnson's claims that the deprivation of inmate stimulus funds pursuant to Act 1110 is arbitrary and capricious and in violation of *Scholl v. Mnuchin*; and Mr. Johnson's equal protection claim.  Mr. Johnson's Supremacy Clause, Takings Clause, and Due Process claims

---

[8]  Pl.'s Suppl. Compl. (Doc. 15).

[9]  28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

[10]  *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citation omitted).

[11]  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

survive screening—again, for the same reason set out in the Court's August 4, 2021 Screening Order—and will be served on Defendants Payne and Gibson.

### III.    Conclusion

IT IS THEREFORE ORDERED that:

1.    Mr. Johnson's claims against the Arkansas General Assembly, Arkansas Act 1110 of 2021, Ark. Code Ann. § 12-29-119; and the Arkansas Department of Correction are DISMISSED without prejudice.

2.    The Arkansas General Assembly, Arkansas Act 1110 of 2021, Ark. Code Ann. § 12-29-119; and the Arkansas Department of Correction are DISMISSED as parties to this lawsuit.

3.    Mr. Johnson's claims that the deprivation of inmate stimulus funds pursuant to Act 1110 is arbitrary and capricious and in violation of *Scholl v. Mnuchin* are DISMISSED without prejudice.

4.    Mr. Johnson's equal protection claim, to the extent he made one, is DISMISSED without prejudice.

5.    Mr. Johnson's Supremacy Clause, Takings Clause, and Due Process claims will be served on Defendants Payne and Gibson.  The Court already has ordered service of these claims on Defendants Mahoney, Madden, Lindsy, and Smallwood.

6.    The Clerk of the Court is directed to prepare summonses for Defendants Payne and Gibson.  The United States Marshal shall serve a copy of the Complaint (Docs. 2, 14), Summons, and this Order on Defendants Payne and Gibson without prepayment of fees and costs or security therefore.  Service should be attempted through the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

7.    The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

IT IS SO ORDERED this 23rd day of August, 2021.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE